



FILED
Feb 10, 2020
08:00 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Zackery Steven Smith | ) | Docket No. 2018-02-0393 |
| | ) | |
| v. | ) | State File No. 19790-2018 |
| | ) | |
| Everidge, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

### Affirmed and Remanded

---

Following an expedited hearing in which the employee sought medical and temporary disability benefits as a result of his workplace injury, the trial court determined the employee was entitled to ongoing medical benefits but not the payment of past medical expenses or temporary disability benefits. The employee has appealed, asserting the trial court erred in declining to award the payment of past medical expenses and refusing to award temporary disability benefits. On appeal, neither party filed a brief addressing any legal arguments with respect to the issues identified in the employee's notice of appeal. We affirm the trial court's expedited hearing order and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Thomas Jessee, Johnson City, Tennessee, for the employee-appellant, Zackery Smith

Joseph Ballard, Atlanta, Georgia, for the employer-appellee, Everidge, Inc.

### Factual and Procedural Background

On March 16, 2018, Zackery Smith ("Employee") suffered serious injuries in the course and scope of his employment with Everidge, Inc. ("Employer"), when his right hand came into contact with the blade of a table saw he was operating. Employee suffered an amputation of his right ring finger at the proximal interphalangeal joint and significant injuries to his index and long fingers. Employee was immediately transported to Takoma Regional Hospital in Greeneville, Tennessee, where he was treated and stabilized before being taken to a local airport for transport to Vanderbilt University

1

Medical Center ("Vanderbilt") in Nashville. Employee underwent surgery later that evening performed by Dr. Wesley Thayer at Vanderbilt, which included the amputation of a part of Employee's right index finger and the complete amputation of the right ring finger. In July 2018, Dr. Thayer performed an additional surgery to Employee's right long finger. Employee participated in outpatient occupational therapy through Laughlin Memorial Hospital in Greeneville following his initial surgery, as well as after his July 2018 surgery.

On April 3, 2018, Employer denied Employee's claim for workers' compensation benefits "based on willful misconduct, willful [violation] of safety rules, and willful failure to use a safety device." Employee filed a petition in July 2018 requesting medical and temporary disability benefits.[1] In August 2019, Employee requested an expedited hearing to address his claim for medical and temporary disability benefits, and the trial court held an evidentiary hearing on November 19, 2019.

During the expedited hearing, the parties agreed to the admissibility of medical and physical therapy bills totaling $80,683.13 from Takoma Regional Hospital, Vanderbilt, and Laughlin Memorial Hospital. The parties also agreed to the admissibility of medical records from these providers. In their closing arguments, the parties focused on the compensability of the claim and Employer's defenses to compensability and did not specifically address Employee's entitlement to medical or temporary disability benefits.

Following the hearing, the trial court concluded that Employer was unlikely to prove at trial that Employee willfully violated safety rules and determined that Employee was likely to succeed at trial in proving he suffered a compensable work injury. The court awarded ongoing medical benefits but denied Employee's request for the payment of past medical bills and temporary disability benefits.

Addressing Employee's request for medical benefits, the trial court noted that Employee submitted proof regarding past medical expenses that he incurred, but stated that Employee "failed to prove that the treatment was necessary and reasonable to treat his injuries." Thus, according to the trial court, "the Court cannot award payment of past

---

[1] Employee filed a second petition for benefits on March 22, 2019 in which he noted the earlier filing, stating that the parties attended mediation with the Bureau of Workers' Compensation in December 2018 that resulted in the issuance of a Dispute Resolution Statement indicating that the parties' disputes had been resolved by agreement. The 2019 petition further stated that Employer advised in correspondence dated December 18, 2018 that it "did not agree that [Employee] was entitled to any workers' compensation benefits," and that "[a] Dispute Certification Notice was not issued by the mediator." The parties have not raised any issues concerning the filing of the initial petition or a Dispute Resolution Statement, and no issue has been raised as to the timeliness of the filing of the March 2019 petition for benefits. A Dispute Certification Notice issued April 12, 2019 identified the disputed issues as compensability, temporary disability benefits, and permanent disability benefits.

medical expenses." Based on Employee having treated with Dr. Thayer, the court designated Dr. Thayer as the authorized physician "because [Employer] did not provide a panel of physicians." Addressing Employee's request for temporary disability benefits, the trial court stated that Employee "did not present any off-work slips or work restrictions, nor did he testify about when he was unable to work or the date he returned to work." Without such evidence, the trial court concluded that it "cannot award temporary disability benefits." Employee has appealed, asserting the trial court erred "in refusing to award Employee payment of past medical expenses," and in "refusing to award Employee temporary disability benefits."

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

Although Employee filed a transcript of the expedited hearing, he failed to submit a brief on appeal. Similarly, Employer did not file a brief. Thus, our review of the issues Employee included in the notice of appeal is limited because neither party presented any legal arguments in support of their respective positions. It is not our role to formulate legal arguments in favor of any party where that party has provided no meaningful argument or authority to support the party's position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). Were we to search the record for possible arguments to advance the issues identified by Employee, we would be acting as his counsel, which the law prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Here, the parties stipulated to the admissibility of the medical bills but did not address any issue concerning those bills beyond their admissibility. There was testimony that Employer arranged to transport Employee for emergency treatment immediately following the accident, and it is undisputed that the nature of Employee's injuries required emergency medical care. Moreover, the medical records indicate Employee was transported from Takoma Regional Hospital in Greeneville to Vanderbilt upon referral of the attending emergency department physician for specialized medical care due to the severity of Employee's injuries.

Tennessee Code Annotated section 50-6-204(a)(1)(A) obligates an employer to "furnish, free of charge to the employee, such medical and surgical treatment . . . as ordered by the attending physician and hospitalization . . . made reasonably necessary by accident." Section 50-6-204(a)(3)(H) provides that "[a]ny treatment recommended by a physician . . . selected pursuant to [section 50-6-204(a)(3)] or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." The medical records include information suggesting how and why Employee came to treat with the providers whose records were admitted in evidence and from which it can be inferred that the treatment was reasonable and necessary for Employee's work injuries. However, it is not our role to craft arguments on behalf of Employee as to whether the proof is sufficient to allow the trial court to award Employee the past medical expenses that were incurred, and we decline to do so.

Similarly, Employee made no arguments addressing whether the trial court erred in failing to award Employee temporary disability benefits. While it is apparent Employee would have missed time from work as a result of the accident and the medical care he received, the testimony at the expedited hearing did not address Employee's inability to work or to return to work, nor did it address the period of time that Employee remained out of work. Again, it is not our role to search the medical records to locate information regarding Employee's entitlement to temporary disability benefits or to formulate arguments addressing the issue.

## Conclusion

For the foregoing reasons, we affirm the determinations in the trial court's expedited hearing order and remand the case. Costs on appeal are taxed to Employee.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Zackery Steven Smith | ) | Docket No. 2018-02-0393 |
| | ) | |
| v. | ) | State File No. 19790-2018 |
| | ) | |
| Everidge, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of February, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Thomas Jessee | | | | X | jjlaw@jesseeandjessee.com |
| Joseph Ballard<br>Crystal Richmond | | | | X | joseph.ballard@thehartford.com<br>crystal.richmond@thehartford.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov